Argued and submitted May 31, affirmed July 13, 1988

STATE OF OREGON,
*Respondent,*

*v.*

ALAN JAMES SCALLY,
*Appellant.*

(M 695718; CA A45879)

758 P2d 365

Clint A. Lonergan, Portland, argued the cause and filed the brief for appellant.

Stephanie Smythe, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Graber, Judges.

GRABER, J.

## GRABER, J.

Defendant appeals his conviction for driving under the influence of intoxicants. ORS 813.010. He argues that the court erred in admitting testimony, under OEC 803(5), from the arresting police officer. We affirm.

At trial, the officer testified to circumstances surrounding the stop and the arrest of defendant. He had no present recollection of several questions that he had asked or of the answers that defendant had given. However, that information was contained in the police report that the officer had prepared shortly after the arrest. The court allowed him to read the pertinent portion of the report to the jury.[1]

■■ Defendant first argues that OEC 803(8)(b) bars the officer's testimony. The police report itself is inadmissible under OEC 803(8)(b).[2] Whether it can be read aloud as a recorded recollection, under OEC 803(5),[3] has not been decided in Oregon. OEC 803(5) and OEC 803(8)(b) are almost identical to their federal counterparts. *Commentary to Oregon Evidence Code* § 803. For that reason, decisions construing the parallel federal rules are persuasive. *State v. Smith,* 66 Or App 703, 706, 675 P2d 510 (1984).

The purpose of FRE 803(8)(B) is to bar police reports as a *substitute* for testimony of the officer. *United States v.*

---

[1] Defendant raises no other objection to the admission of his statements made at the time of his arrest.

[2] OEC 803(8) provides that these things are admissible despite the rule against hearsay:

"Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth:

"* * * * *

"(b) Matters observed pursuant to duty imposed by law as to which matters there was a duty to report, *excluding however, in criminal cases matters observed by police officers and other law enforcement personnel* * * *." (Emphasis supplied.)

[3] OEC 803(5) also provides, as an exception to the hearsay rule:

"A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable the witness to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in the memory of the witness and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party."

*Sawyer,* 607 F2d 1190, 1193 (7th Cir 1979), *cert den* 445 US 943 (1980). When the officer testifies, the danger of unreliability is minimized, because the trier of fact has the opportunity to weigh credibility and to consider the circumstances surrounding the preparation of the report. *United States v. King,* 613 F2d 670, 673 (7th Cir 1980). As a result, under FRE 803(5), law enforcement officers have been allowed to read their reports into the record when they lack a sufficient present recollection to testify from memory. *United States v. Sawyer, supra; United States v. King, supra; see also* McCormick, *Evidence* § 316, 892 (3d ed 1984).

Defendant next argues that he was denied his right of confrontation, in violation of the Sixth Amendment and Article I, section 11, of the the Oregon Constitution.[4] The argument is unpersuasive. Defendant had an opportunity effectively to cross-examine the officer, who was the author of the police report. The application of FRE 803(5) does not violate defendant's Sixth Amendment rights. *See United States v. Riley,* 657 F2d 1377, 1386 (8th Cir 1981), *cert den* 459 US 1111 (1983); *United States v. Marshall,* 532 F2d 1279, 1285 (9th Cir 1976). Neither party argues that Article I, section 11, should be interpreted differently, and we do not consider whether it should be. *State v. LeClair,* 83 Or App 121, 128, 730 P2d 609, *rev den* 303 Or 74 (1986).

Defendant relies entirely on *United States v. Oates,* 560 F2d 45 (2nd Cir 1977), for his argument to the contrary. There, the court held that the government could not introduce a report as a substitute for testimony from an unavailable witness. The present case is distinguishable, because here the officer testified, subject to cross-examination, and because the report itself was not offered.

We agree with the reasoning of *United States v. Sawyer, supra,* and *United States v. King, supra,* and hold that, notwithstanding OEC 803(8)(b), OEC 803(5) permits an officer who testifies in a criminal trial to read relevant parts of his report into the record when he has insufficient present recollection to testify fully and accurately.[5] That procedure

---

[4] Defendant makes several other constitutional arguments that lack merit.

[5] A defendant might have *other* objections to the evidence, but none have been made in this case.

does not violate defendant's right to confrontation.

Affirmed.