Argued and submitted December 22, 1998, reversed and remanded in part; otherwise affirmed April 21, 1999

## STATE OF OREGON,
*Respondent,*

*v.*

## MARK A. ERRICHETTO,
*Appellant.*

(97CR0784; CA A98955)

979 P2d 797

Robin A. Jones, Deputy Public Defender, argued the cause for appellant. With her on the brief was Diane Alessi, Interim Public Defender.

Jonathan H. Fussner, Assistant Attorney General, argued the cause for respondent. On the brief were Hardy Myers, Attorney General, and Michael Reynolds, Solicitor General, and Tammy A. Hawkins, Assistant Attorney General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, S. J.*

---

* Retired February 28, 1999.

**WARREN, S. J.**

Defendant was charged by information with fourth-degree assault, ORS 163.160, and harassment, ORS 166.065. He moved *in limine* to exclude statements of police officers reporting statements made by out-of-court declarants. The court denied the motion, and the trial proceeded before a jury on July 9, 1997. Defendant appeals his conviction of harassment,[1] and also his conviction for contempt, ORS 33.096, based on conduct that occurred during the trial on the harassment charge. Defendant raises two assignments of error. First, he claims that the trial court committed constitutional error when it denied his motion *in limine* to exclude hearsay statements because the state had not demonstrated that the declarants were unavailable to testify.[2] Secondly, defendant assigns error to the trial court's finding defendant in contempt of court in the absence of any finding that his misconduct in the courtroom was willful. We affirm in part and reverse in part.

In *State v. Moore*, 159 Or App 144, 978 P2d 395 (1999), we held that Article I, section 11, of the Oregon Constitution, requires a showing of unavailability of the declarant for the admission of excited utterance hearsay. The state concedes that it did not prove the unavailability of the witnesses. Therefore, defendant's conviction for harassment is reversed and remanded for a new trial.

Next, we address the defendant's contempt conviction. Defendant argues that the court does not have unfettered discretion to determine what constitutes contempt and also that the record does not support a finding that any contempt was willful. ORS 33.096 provides, in part:

"A court may summarily impose a sanction upon a person who commits a contempt of court in the immediate view and presence of the court. The sanction may be imposed for the purpose of preserving order in the court or protecting the authority and dignity of the court."

[1] The trial court granted defendant's motion for judgment of acquittal on the assault charge.

[2] Defendant's brief raises three separate assignments of error. The first two raise a single issue and we will treat them as a single assignment.

ORS 33.015(2)(a) defines "contempt of court" as the following act, done willfully:

> "Misconduct in the presence of the court that interferes with a court proceeding or with the administration of justice, or that impairs the respect due the court[.]" *

■　During the trial, a witness was testifying concerning defendant's conduct that was not the basis of the crime charged, and defendant yelled out in the presence of the jury, "That's a lie!" The judge then held defendant in summary contempt of court. The court made no finding that defendant acted willfully at the time that it imposed the sentence or in the judgment on summary contempt. Defendant then filed a motion to vacate the judgment on summary contempt on the grounds that the court failed to make a finding that defendant acted willfully and that defendant's sudden outburst could not be deemed willful. As a result, the court filed an amended judgment on summary contempt, *nunc pro tunc* that included a finding that defendant acted willfully.

It is clear from the record that there is sufficient evidence to show that defendant was willfully disruptive during trial and interfered with a court proceeding. Therefore his conduct was subject to punishment as a summary contempt. Although ORS 33.096 does not require the trial court to make any particular findings of fact, the court expressly found in its amended judgment that defendant acted willfully. The amended judgment controls over the court's oral pronouncement, *State v. Mossman*, 75 Or App 385, 388, 706 P2d 203 (1985), and is thus sufficient to satisfy any requirement of an express finding on that issue. We affirm the summary contempt conviction.

Conviction for harassment reversed and remanded; otherwise affirmed.