Argued and submitted March 6, reversed and remanded March 28, 2001

STATE OF OREGON,
*Appellant,*

*v.*

JOHN ARTHUR RUMARY,
*Respondent.*

(C99-1535CR; CA A107991)

21 P3d 166

Laura S. Anderson, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Keith L. Walker argued the cause and filed the brief for respondent.

Before Haselton, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judge.

HASELTON, P. J.

## HASELTON, P. J.

The state appeals from a pretrial order denying its motion to admit hearsay statements by the declarant/complainant under the "excited utterance" exception to the hearsay rule. OEC 803(2).[1] ORS 138.060(3). In particular, the state argues that the trial court erred in concluding that, under *State v. Moore*, 159 Or App 144, 978 P2d 395, *rev allowed* 329 Or 438 (1999), hearsay is admissible as an excited utterance only if the declarant is "unavailable" for Confrontation Clause[2] purposes, and that, because the declarant was present and available to testify, the state, as proponent of the hearsay, could not satisfy that unavailability requirement. We conclude that, under *State v. Barkley*, 315 Or 420, 846 P2d 390 (1993), the "unavailability" prong of the Confrontation Clause analysis is not applicable in instances where the declarant is available to testify and be cross-examined at trial. Consequently, we reverse the trial court's order denying the state's motion to admit, and remand for further proceedings to determine whether some or all of the declarant's statements constituted "excited utterances" under OEC 803(2).

On May 9, 1999, defendant and his wife, Donella, were allegedly involved in a domestic dispute. Donella made a 9-1-1 call and subsequently made statements to the police concerning the incident. Thereafter, defendant was charged with assault in the fourth degree. ORS 163.160(1)(a).

On the day of trial, Donella was present in the courtroom and available to testify. Before jury selection, the state moved orally for an order allowing the admission of several of Donella's hearsay statements made during her taped 9-1-1 call to the police and to officers at the scene of the alleged assault. The state argued that, while the statements were

---

[1] OEC 803(2) allows for the admission, regardless of the declarant's availability, of: "(1) A [hearsay] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."

[2] *See* Or Const, Art I, § 11 ("In all criminal prosecutions, the accused shall have the right * * * to meet the witnesses face to face[.]"); *see also* US Const, Amend VI ("In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him[.]").

hearsay, they were nevertheless admissible under OEC 803(2).

The trial court did not determine whether the statements qualified as "excited utterances" for purposes of OEC 803(2). Instead, referring to *Moore*, the trial court ruled that Donella's hearsay statements could not, in all events, be admissible under OEC 803(2) because Donella was available to testify:

> "(1) The victim/declarant was present in court and available to testify; (2) *State v. Moore* * * * and *State v. Errichetto*, 160 Or App 73[, 979 P2d 797] (1999), require the State to prove that the declarant is 'unavailable' to testify at trial in order for the statements to be admitted as excited utterances; and (3) the State could not prove that the declarant was 'unavailable' because she was in fact present and available to testify at trial."

On appeal, the state argues that the trial court misconstrued *Moore*[3] and that its ruling cannot be reconciled with *Barkley*. We agree.

In *Moore*, the defendant was convicted of fourth-degree assault and recklessly endangering another person following an alleged dispute with his fiancee, Olea. At the defendant's trial, Olea did not testify, and the state neither established nor attempted to establish that Olea was "unavailable" under the first prong of the two-part Confrontation Clause analysis articulated in *State v. Campbell*, 299 Or 633, 705 P2d 694 (1985).[4] Nevertheless, several witnesses testified for the state and recounted statements made by Olea immediately following the alleged assault, including a request for help and a statement that, "He's taking my kids, and he's been drinking."

---

[3] *Errichetto* is materially indistinguishable from *Moore* and relies on *Moore* without elaboration.

[4] In *Campbell* the court adopted the United States Supreme Court's analysis in *Ohio v. Roberts*, 448 US 56, 65-66, 100 S Ct 2531, 2538-39, 65 L Ed 2d 597, 607 (1980),

> "for determining whether admission of out-of-court statements of a witness who does not testify at trial satisfies the defendant's right to confrontation. First, the declarant must be unavailable and, second, the declarant's out-of-court statements must have 'adequate indicia of reliability.' " *Campbell*, 299 Or at 648.

On appeal, the defendant assigned error to the admission of Olea's hearsay statements, arguing that the state had failed to make the showing of unavailability required under *Campbell*. We reversed and, in so holding, rejected the state's argument that *Campbell* had been implicitly superseded by *White v. Illinois*, 502 US 346, 112 S Ct 736, 116 L Ed 2d 848 (1992). *Moore*, 159 Or App at 149-50. Thus, we had no occasion in *Moore* to consider the application of OEC 803(2) in circumstances where the declarant was indisputably actually available for cross-examination.

Here, unlike in *Moore*, the declarant, Donella, was available at trial. She could be cross-examined, including on her earlier out-of-court statements. The trial judge made an express finding that the declarant *was* available as a witness for trial. Thus, this case is materially factually and legally distinguishable from *Moore*.

Conversely, *Barkley* is directly dispositive. In *Barkley*, the court considered whether a criminal defendant's confrontation rights under Article I, section 11, of the Oregon Constitution, were violated by the admission, under OEC 803(4) (medical statement hearsay exception), of hearsay testimony by a declarant who testified at the defendant's trial and was available for cross-examination. In concluding that the evidence was properly admissible, the court addressed the precise issue presented here: Is the "unavailability" prong of the *Campbell* analysis applicable in instances where the declarant is, in fact, available to testify and be subjected to cross-examination at trial? The court held:

> "*The confrontation concerns addressed by the 'unavailability' prong of that test are absent when the declarant whose out-of-court statement is sought to be admitted testifies under oath at trial and is subject to cross-examination, including cross-examination concerning the out-of-court statement, before the finder of fact. See California v. Green,* 399 US 149, 158, 90 S Ct 1930, 26 L Ed 2d 489 (1970) (a defendant's right to confront accuser under the Sixth Amendment 'is not violated by admitting a declarant's out-of-court statements, as long as the declarant is testifying as a witness and subject to full and effective cross-examination')." *Barkley*, 315 Or at 430 (footnotes omitted) (emphasis added).

*Barkley* is controlling. Because Donella was available to testify at trial, the concerns underlying the "unavailability" prong of the *Campbell* analysis, as applied in *Moore*, are inapposite here.[5] Consequently, the trial court erred in ruling, as a categorical matter, that Donella's availability precluded the admission, under OEC 803(2), of her hearsay statements made during the 9-1-1 call and to officers at the scene of the alleged assault.

As noted, however, the trial court never determined whether some or all of those statements satisfied the requirements for admissibility as excited utterances under OEC 803(2). *See State v. Carlson*, 311 Or 201, 215-16, 808 P2d 1002 (1991) (reviewing standard for admissibility of hearsay under OEC 803(2)); *State v. Stonaker*, 149 Or App 728, 738-40, 945 P2d 573 (1997), *rev den* 327 Or 123 (1998) (same). Accordingly, we reverse the trial court's denial of the state's motion *in limine* as to Donella's hearsay statements and remand for the trial court to further determine the admissibility of those statements under OEC 803(2).

Reversed and remanded.

---

[5] *See also* Laird C. Kirkpatrick, *Oregon Evidence*, 500 (3rd ed 1996) ("If the hearsay declarant testifies at trial and is subject to cross-examination, the confrontation requirement is satisfied. *California v. Green*, 399 US 149, 90 S Ct 1930, 26 L Ed 2d 489 (1970).").