Argued and submitted March 28, reversed and remanded July 10, 2002

## STATE OF OREGON,
*Appellant,*

*v.*

## ROCKY LEE CRAIN,
*Respondent.*

## C001642CR; A113188

50 P3d 1206

Jonathan H. Fussner, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Robin A. Jones, Deputy Public Defender, argued the cause for respondent. With her on the brief was David E. Groom, Public Defender.

Before Edmonds, Presiding Judge, and Deits, Chief Judge, and Kistler, Judge.

EDMONDS, P. J.

## EDMONDS, P. J.

Defendant is charged with felony assault in the fourth degree arising out of a domestic dispute. ORS 163.160(3). The state appeals a trial court order excluding statements that the alleged victim made during a call to the emergency dispatcher at 9-1-1 and to police officers shortly after the events in issue. We reverse.

At a pretrial hearing, the state argued that the statements that the victim made during the call to 9-1-1 satisfied the requirements for excited utterances, OEC 803(2),[1] and that the later statements to the officers satisfied the requirements for statements by a victim of domestic violence made within 24 hours of the incident. OEC 803(26).[2] Defendant made a number of arguments in response, including that the admission of the statements would violate his right to meet the witness face to face unless the state could show

---

[1] OEC 803(2) provides an exception to the hearsay rule for:

"A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."

[2] OEC 803(26) provides an exception to the hearsay rule for:

"(a) A statement that purports to narrate, describe, report or explain an incident of domestic violence, as defined in ORS 135.230, made by a victim of the domestic violence within 24 hours after the incident occurred, if the statement:

"(A) Was recorded, either electronically or in writing, or was made to a peace officer as defined in ORS 161.015, corrections officer, youth correction officer, parole and probation officer, emergency medical technician or firefighter; and

"(B) Has sufficient indicia of reliability.

"(b) In determining whether a statement has sufficient indicia of reliability under paragraph (a) of this subsection, the court shall consider all circumstances surrounding the statement. The court may consider, but is not limited to, the following factors in determining whether a statement has sufficient indicia of reliability:

"(A) The personal knowledge of the declarant.

"(B) Whether the statement is corroborated by evidence other than statements that are subject to admission only pursuant to this subsection.

"(C) The timing of the statement.

"(D) Whether the statement was elicited by leading questions.

"(E) Subsequent statements made by the declarant. Recantation by a declarant is not sufficient reason for denying admission of a statement under this subsection in the absence of other factors indicating unreliability."

that the victim was unavailable to testify at trial. Or Const, Art I, § 11. He relied on our decision in *State v. Moore,* 159 Or App 144, 978 P2d 395 (1999), *aff'd* 334 Or 328, 49 P3d 785 (2002), in which we held that the constitution requires that a witness be unavailable as a predicate to the admission of an excited utterance. In this case, the victim was available to testify at trial, so the state was unable to show her unavailability. Instead, it argued that her presence in itself obviated any confrontation concerns.

■ The trial court found that the statements during the 9-1-1 call satisfied the requirements for an excited utterance. It did not determine whether the statements made to the officer satisfied the requirements of OEC 803(26). It excluded all of the statements on the ground that, under *Moore,* unavailability is an absolute requirement for admissibility against a criminal defendant. On appeal, the state argues that a subsequently decided case, *State v. Rumary,* 173 Or App 219, 21 P3d 166 (2001), requires reversal of the trial court's ruling. We agree with the state.

In *Moore,* the defendant was convicted of fourth-degree assault and reckless endangerment based in large part on evidence of excited utterances that the victim had made shortly after the events in question. The victim did not testify, and the state did not show that she was unavailable to testify. We held, relying on the Supreme Court's decisions in *State v. Campbell,* 299 Or 633, 705 P2d 694 (1985), and *State v. Kitzman,* 323 Or 589, 920 P2d 134 (1996), that the admission of the evidence violated the confrontation requirement of the Oregon Constitution. Under those cases, a living witness must be declared incompetent before that witness's hearsay statements are admissible.[3] *Campbell,* 299 Or at 652; *Kitzman,* 323 Or at 605. We therefore reversed the convictions.

Thereafter, we considered in *Rumary* whether a victim's excited utterances were admissible when the victim was present and available to testify at trial. Relying on the

---

[3] The Supreme Court did not need to consider the other grounds of unavailability listed in OEC 804(1), which include privilege, refusal to testify despite an order to so do, lack of memory, and actual absence combined with the proponent's inability to procure the witness's presence by process or other reasonable means.

Supreme Court's decision in *State v. Barkley*, 315 Or 420, 846 P2d 390 (1993), we held that the witness's actual availability made the unavailability aspect of the confrontation requirement irrelevant. In *Barkley*, the court held that the requirement of unavailability for the admission of hearsay against a criminal defendant is unnecessary when the hearsay declarant testifies under oath and is subject to cross-examination, including cross-examination concerning the out-of-court statement. 315 Or at 430. In *Rumary*, we held that that holding was controlling and therefore reversed the trial court's order excluding the evidence. Moreover, the Supreme Court stated in *Campbell* that, if the child witness in that case were found to be competent and thus was available to testify, her out-of-court complaint of sexual misconduct would be admissible through her own testimony as well as through the testimony of her mother, to whom she made the complaint. 299 Or at 652-53. In both situations, the hearsay declarant would be available to be cross-examined about the statement.

■■ In summary, a hearsay statement that satisfies one of the exceptions to the hearsay rule in OEC 803 is admissible against a criminal defendant if it satisfies the reliability requirement of Article I, section 11, and if the state shows either that (1) the declarant is unavailable or (2) the declarant is both available and also actually present and ready to testify. Defendant recognizes that that is the effect of our decisions but argues that *Rumary* was wrongly decided. He says:

> "The lower court correctly based its decision on * * * [*Moore*]. This court's subsequent conflicting decision [*Rumary*] was incorrectly decided under OEC 803(2) (excited utterance exception) based on [*Barkley*] under OEC 803(4), the exception for statements made for the purpose of medical diagnosis. The rational[es] for the two rules are distinguishable[.]"

We disagree. In general, the core purpose of the prohibition against hearsay evidence, whether statutory or constitutional in nature, is to ensure that a party has an opportunity to test the evidence by cross-examination. *See* John W. Strong, ed., 2 *McCormick on Evidence* (4th ed 1992), § 245 at 95, § 251 at 117-20. That purpose is reflected in OEC

801(4)(a), where the legislature has declared that several categories of a witness's out-of-court statements are not hearsay. *See also* Legislative Commentary to OEC 801(4)(a), *reprinted in* Laird Kirkpatrick, *Oregon Evidence* (4th ed 2002), § 801.02. In addition, the Supreme Court cases show that the opportunity to cross-examine is the core purpose of the confrontation requirement in Article I, section 11. We believe that that core purpose is fulfilled by our holding in *Rumary*.

Alternatively, defendant argues that the trial court should be affirmed because of the lack of reliability or trustworthiness of the out-of-court statements. Defendant suggests that the current standard for admission under OEC 803(2) bears little resemblance to statements that were admissible under the common law at the time of the adoption of section 11, such as "look out, he's got a gun." Again, we disagree. At common law, the reliability of the statement depended on its spontaneity. The same focus exists under OEC 803(2). We conclude therefore that the current standards for admitting excited utterances are sufficiently close to the traditional constitutional standards of trustworthiness that they satisfy the constitutional requirement of a well-established hearsay exception.

Defendant also argues that portions of the evidence are unfairly prejudicial and should therefore be excluded under OEC 403. That issue, together with the questions of whether defendant's statements to the police both satisfy the requirements of OEC 803(26) and are sufficiently reliable to be admissible under Article I, section 11, are for the trial court to consider on remand.

Reversed and remanded.