JAMES, J.
*921 Defendant appeals a judgment of conviction for possession of a Schedule I controlled substance. On appeal, he challenges the trial court's ruling permitting an officer, who had no memory of his encounter with defendant, to testify from portions of his written report over the objection of defense counsel, asserting that the portions of the written report read at trial were inadmissible hearsay under OEC 803(8) and that their admission violated defendant's right to confrontation under both the Sixth and Fourteenth Amendments to the United States Constitution and Article I, section 11, of the Oregon Constitution. In response, the state argues that defendant's argument is foreclosed by our decision in State v. Scally , 92 Or. App. 149, 758 P.2d 365 (1988). We agree with the state that defendant's OEC 803(8) and state constitutional arguments are disposed of by Scally , and we decline defendant's invitation to revisit those aspects of Scally . We write, however, because Scally 's federal Confrontation Clause analysis relied on the framework set forth in Ohio v. Roberts , 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). That analytical approach to federal confrontation rights was fundamentally altered in Crawford v. Washington , 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Consequently, Scally does not answer the question whether the federal Confrontation Clause-as applied under Crawford -prohibited the officer from reading from his report in this case. We conclude that, on this record, the federal Confrontation Clause was satisfied. Accordingly, we affirm.
The facts are not disputed by the parties. The police encountered defendant during a traffic stop in 2005 and arrested him on an outstanding warrant. Upon booking at the station, the police found narcotics on defendant. Defendant was charged with misdemeanor possession of a controlled substance. However, defendant failed to appear multiple times, absconding for a period totaling approximately 11 years. By the time of trial in 2016, the arresting officers remembered the traffic stop of defendant that resulted in his arrest on an outstanding warrant, but they had little to no independent recollection of the interactions *922 at the police station resulting in the discovery of the controlled substance. However, the officers had made written recordings of their knowledge at the time, in the form of their police reports.
Prior to trial, defendant moved to exclude evidence contained in the police reports. The trial court denied the objection and permitted the officers to read from their *573 reports. Defendant was ultimately convicted and now challenges the trial court's evidentiary ruling on appeal. We review a constitutional confrontation challenge to the admission of evidence for errors of law. State v. Moore , 159 Or. App. 144, 147, 978 P.2d 395 (1999), aff'd , 334 Or. 328, 49 P.3d 785 (2002).
Under the Sixth Amendment, the admission of "testimonial" hearsay without an opportunity for cross-examination violates a defendant's confrontation rights. Crawford , 541 U.S. at 53-54, 124 S.Ct. 1354. " 'The main and essential purpose of confrontation [under the Sixth Amendment] is to secure for the opponent the opportunity of cross-examination' " in order to test the perception, memory, and credibility of the witness. Davis v. Alaska , 415 U.S. 308, 315-16, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974) (quoting John Henry Wigmore, 5 Evidence § 1395, 123 (3d ed. 1940) ).
The right to confrontation is "satisfied when the defense is given a full and fair opportunity to probe and expose [the] infirmities [in the witness's testimony] through cross-examination[.]" State v. Quintero , 110 Or. App. 247, 254, 823 P.2d 981 (1991) (en banc) (quoting United States v. Owens , 484 U.S. 554, 558, 108 S.Ct. 838, 841, 98 L.Ed.2d 951 (1988) (internal quotation marks omitted) ). A full and fair opportunity exists when cross-examination can test the witness's "sincerity, memory, ability to perceive and relate, and the factual basis for [the witness's] statements[.]" State v. Fowler , 225 Or. App. 187, 194, 200 P.3d 591, rev. den. , 346 Or. 257, 210 P.3d 905 (2009).
Here, it is undisputed that the officers were subject to cross-examination. Defendant argues, however, that their memory loss rendered them available for cross-examination in form only, and did not constitute a full and fair opportunity to test the witness' statements. We *923 disagree. Although the officers lacked a memory of the encounter with defendant, that memory loss did not render their cross-examination constitutionally insignificant. "[T]he Confrontation Clause guarantees only an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." Kentucky v. Stincer , 482 U.S. 730, 739, 107 S.Ct. 2658, 2664, 96 L.Ed.2d 631 (1987) (quoting Delaware v. Fensterer , 474 U.S. 15, 20, 106 S.Ct. 292, 294, 88 L.Ed.2d 15 (1985) ) (original emphasis and internal quotation marks omitted).
Crawford itself seems to foreclose defendant's argument, in noting that:
"[W]hen the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements. *** It is therefore irrelevant that the reliability of some out-of-court statements 'cannot be replicated, even if the declarant testifies to the same matters in court.' "
Crawford , 541 U.S. at 59 n. 9, 124 S.Ct. 1354 (quoting United States v. Inadi , 475 U.S. 387, 395, 106 S.Ct. 1121, 89 L.Ed.2d 390 (1986) ) (internal citations omitted).
Numerous courts have noted that Crawford , despite its rules restricting admission of an absent declarant's testimonial statement, "leaves no room for doubt that the federal confrontation clause is not concerned with the admission of an out-of-court statement where the declarant appears at trial and is cross-examined about that statement." State v. Fields , 115 Haw. 503, 517, 168 P.3d 955, 969 (2007) ; see Robinson v. State , 271 Ga. App. 584, 587, 610 S.E.2d 194, 197 (2005) ("Here, because the witnesses were present at trial and testified, Crawford does not apply."); see also State v. Tester , 179 Vt. 627, 631 n. 2, 895 A.2d 215, 221 n. 2 (2006) (" Crawford is inapposite because [the declarant] testified at trial."); People v. Johnson , 363 Ill.App.3d 1060, 1071, 300 Ill.Dec. 756, 845 N.E.2d 645, 655 (2005) ("Here, the victim testified at trial and was subject to cross-examination. As such, none of the statements admitted * * * were improper under Crawford ."); Gomez v. State , 183 S.W.3d 86, 90 (Tex. Crim. App. 2005) ("The fact that [the declarant] testified and was available for *924 Appellant to cross examine her makes Crawford inapplicable here."). We concur with those courts.
Accordingly, defendant had a full and fair opportunity to cross-examine the officers, despite their memory loss, and his confrontation *574 rights under the Sixth Amendment were not violated.
Affirmed.