72 P.3d 351

**Geraldine GOY, Petitioner,**

v.

**The Honorable Michael D. JONES, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge,**

State of Arizona, by and through the Phoenix City Prosecutor, Real Party in Interest.

No. 1 CA–SA 03–0087.

Court of Appeals of Arizona. Division 1, Department C.

June 17, 2003.

Review Denied Sept. 9, 2003.

Law Offices of Michael J. Dew, Phoenix, By Michael J. Dew, for Petitioner.

Peter Van Haren, Phoenix City Attorney, Phoenix, By Samuel K. Lesley, Assistant City Prosecutor, for Real Party in Interest.

## OPINION

EHRLICH, J.

¶ 1 Geraldine Goy seeks review of a superior-court decision to reverse a municipal-court order precluding the law-enforcement officers who arrested Goy from reading their reports as trial evidence. For the following reasons, we affirm the superior-court decision.

## BACKGROUND

¶ 2 Goy was arrested in 1996 for driving under the influence of intoxicating liquor ("DUI"), but, for reasons not in question, trial was not set until 2002. Then, the Phoenix City Court granted Goy's motion *in limine* to preclude the arresting officers from reading their reports as trial evidence introduced during their testimony. The State successfully appealed the ruling to the Maricopa County Superior Court. Goy then filed a special action in this court.

■ ¶ 3 We have discretion whether to accept special-action jurisdiction. *State ex rel. Pennartz v. Olcavage*, 200 Ariz. 582, 585 ¶ 8, 30 P.3d 649, 652 (App.2001). The State and Goy both maintain that jurisdiction is appropriate because this case involves a recurring question of law about which the lower courts differ and lack appellate precedent. Goy adds that she has no remedy by appeal because when, as here, the superior court has acted as an appellate court, a further appeal to this court is allowed only "if the action involves the validity of a tax, impost, assessment, toll, municipal fine or statute." *Guthrie v. Jones*, 202 Ariz. 273, 274 ¶ 4, 43 P.3d

601, 602 (App.2002); ARIZ. REV. STAT. ("A.R.S.") § 22–375(A) (2002).

## ANALYSIS

¶ 4 The issue is a narrow one: Whether a law-enforcement officer testifying during a criminal trial may read his report as evidence pursuant to Arizona Rule of Evidence ("Rule") 803(5) permitting such hearsay if the hearsay is of a nature of a "recorded recollection."

■ ¶ 5 "Hearsay" is defined in Rule 801(c) as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." In general, such evidence is not admissible, ARIZ. R. EVID. 802, but there are exceptions—notably those posited in Rule 803, when the availability of the declarant is immaterial, and in Rule 804, when the declarant is unavailable.[1]

¶ 6 At issue in this case is Rule 803(5), which provides an exception for a "recorded recollection."

A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable the witness to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in the witness' memory and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party.

Related also is the exception for "public records and reports" in Rule 803(8).[2]

■ ¶ 7 These exceptions to the general rule against hearsay are very similar in the Arizona and Federal Rules of Evidence. In

---

1. The application of the hearsay rules is independent of an analysis of the Confrontation Clause of the Sixth Amendment of the United States Constitution as made applicable to the states by the Fourteenth Amendment. *Idaho v. Wright*, 497 U.S. 805, 818–19, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990); *California v. Green*, 399 U.S. 149, 155–56, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). The Arizona Constitution has an independent Confrontation Clause in Article 2, Section 24.

2. This rule provides in pertinent part:

Unless the sources of information or other circumstances indicate lack of trustworthiness, records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth ... matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel. . . .

particular, the exception for a recorded recollection is the same, and the exception for public records is very similar. *See* ARIZ. R. EVID. 803(5), 803(8); FED. R. EVID. 803(5), 803(8). Accordingly, federal-court interpretations of these rules of evidence are persuasive. *Larsen v. Decker*, 196 Ariz. 239, 242–43 ¶ 15, 995 P.2d 281, 284–85 (App.2000).

¶ 8 Goy relies on *United States v. Peña–Gutierrez*, 222 F.3d 1080 (9th Cir.), *cert. denied*, 531 U.S. 1057, 121 S.Ct. 670, 148 L.Ed.2d 570 (2000), to support her contention that Rule 803(8) exclusively controls the admission of law-enforcement reports in evidence. In *Peña–Gutierrez*, the court of appeals determined that the district court had erroneously admitted in evidence a law-enforcement officer's report pursuant to the recorded-recollection exception to the hearsay rule. *Id.* at 1086–87. "[D]istrict courts should admit such law-enforcement reports, if at all, only under the public-records exception contained in Federal Rule of Evidence 803(8)." *Id.* (citing *United States v. Orozco*, 590 F.2d 780, 793 (9th Cir.1979)). The appellate court reasoned that, because Rule 803(8) excludes reports prepared in criminal matters that document observations by law-enforcement officers, the district court had erred by admitting the report on the basis of that rule. *Id.* at 1087.

¶ 9 However, the court in *Peña–Gutierrez* did not discuss the admissibility of testimony derived from a law-enforcement report. Rather, the court held simply that the report itself could only have been admitted as an exhibit pursuant to Rule 803(8). *Id.* It did not preclude testimony concerning the content of a law-enforcement report. In fact, the same court has in other circumstances allowed witnesses to testify regarding the contents of a law-enforcement report. *See United States v. Orellana–Blanco*, 294 F.3d 1143, 1150–51 (9th Cir.2002) (The notes taken by a law-enforcement officer during an interview with the defendant are within the criminal-case exclusion to the hearsay exception for public records, but the government should have called the officer as a witness in order to put the evidence in the exhibit before the jury.); *United States v. Pazsint*, 703 F.2d 420, 424–25 (9th Cir.1983)(The district

court erred by allowing tape-recordings made by a law-enforcement officer to be played at trial, but the trial testimony of the witnesses was admissible even if the tapes were not.). Other federal courts have concluded that law-enforcement reports may be used for recorded-recollection testimony. *United States v. Smith*, 197 F.3d 225, 231 (6th Cir.1999) (There was no error in admitting a witness' testimony from her recorded recollection in a law-enforcement report.); *United States v. Porter*, 986 F.2d 1014, 1016–17 (6th Cir.)(It was permissible for portions of a witness' statement to law-enforcement officers to be read to the jury pursuant to Rule 803(5).), *cert. denied*, 510 U.S. 933, 114 S.Ct. 347, 126 L.Ed.2d 312 (1993); *United States v. Picciandra*, 788 F.2d 39, 42 (1st Cir.) (The admission of a law-enforcement report as a recorded recollection did not prejudice the defendants.), *cert. denied*, 479 U.S. 847, 107 S.Ct. 166, 93 L.Ed.2d 104 (1986); *United States v. Sawyer*, 607 F.2d 1190, 1193 (7th Cir.1979) (The court declined to hold that Rule 803(8) disqualified the recorded recollections of a testifying law-enforcement officer when such recollections would otherwise be admissible pursuant to Rule 803(5).), *cert. denied*, 445 U.S. 943, 100 S.Ct. 1338, 63 L.Ed.2d 776 (1980).

¶ 10 Thus, neither federal nor state law mandates the exclusion of recorded-recollection testimony simply because the form of the recorded recollection is a law-enforcement report. There is a clear differentiation between admitting the report as an exhibit pursuant to Rule 803(8) and allowing a witness to testify as to his recorded recollection pursuant to Rule 803(5). *See* 1 Morris K. Udall et al., ARIZONA PRACTICE—LAW OF EVIDENCE § 131 at 288 n. 25 (3d ed.1991). Moreover, Rule 803(5) sets specific requirements for the hearsay exception for a recorded recollection. Nothing in those requirements suggests that, as long as the requirements are met, reports prepared by law-enforcement officers should be excluded.

¶ 11 This case illustrates the sense of an exception that the presence of the declarant is immaterial. While the declarant was available for cross-examination, Goy was not tried for six years after her arrest that was the

subject of the law-enforcement officer's report. Given such a lengthy passage of time, no officer could be expected to remember with sufficient reliability and trustworthiness the details of a specific arrest if he could remember the circumstances at all. Given that the report itself is not being assailed by claims that it was not written and/or maintained in the routine course of official business, the report is the best evidence of the officer's perceptions at the time.

¶ 12 The superior court correctly decided that the city court had erred in its legal analysis. This matter is remanded for proceedings consistent with our opinion.

SCOTT TIMMER, P.J. and SNOW, J., concurring.