**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: _____

Filing Date: March 12, 2014

Docket No. 32,166

STATE OF NEW MEXICO,

      Plaintiff-Appellee,

v.

CHARLES VIGIL,

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Samuel L. Winder, District Judge**

Gary K. King, Attorney General
Corinna Laszlo-Henry, Assistant Attorney General
Santa Fe, NM

for Appellee

Lisa Torraco
Albuquerque, NM

for Appellant

**OPINION**

**FRY, Judge.**

**{1}**    Defendant Charles Vigil appeals from the district court's review of his on-record appeal from metropolitan court. On appeal to this Court, Defendant challenges the admission of an officer's testimony referencing a police report as violating the rules of evidence and his right to confrontation. This Court became aware of deficiencies with Defendant's notice of appeal when the matter came before the Court for calendaring. The Court ordered the parties to brief the issue of whether the conclusive presumption of ineffective assistance of counsel established in *State v. Duran*, 1986-NMCA-125, ¶¶ 4-6, 105 N.M. 231, 731 P.2d 374, should apply to counsel's failure to file a timely notice of appeal

from the district court's on-record review of a metropolitan court decision.[1] We hold that a conclusive presumption of ineffective assistance of counsel applies to counsel's failure to file a timely notice of appeal following the district court's on-record review of a metropolitan court decision. As to Defendant's claim of error, we affirm.

**BACKGROUND**

**{2}** Defendant was convicted of driving while intoxicated (DWI), first offense, and speeding, following a bench trial in metropolitan court. At trial, Albuquerque Police Department Officer Kelly Enyart testified that she investigated and arrested Defendant for DWI. Officer Enyart, however, could not recall portions of Defendant's performance of the field sobriety tests that she administered during her DWI investigation. Over Defendant's objection, the metropolitan court judge allowed Officer Enyart to read from her police report what she had recorded concerning those portions of the field sobriety tests she could not recall. Officer Enyart's report itself was not admitted into evidence. The metropolitan court judge found Defendant guilty, based in part on Officer Enyart's testimony regarding Defendant's performance of the field sobriety tests, including what Officer Enyart had read from her police report.

**{3}** Defendant appealed the metropolitan court's decision by filing a timely notice of appeal in district court pursuant to Rule 7-703(A) NMRA. The district court conducted an on-record review of Defendant's appeal. On April 19, 2012, the district court issued a memorandum opinion affirming Defendant's conviction. Pursuant to NMSA 1978, Section 39-3-3(A)(1) (1972), and Rule 12-201(A)(2) NMRA, a criminal defendant must file his notice of appeal from the final judgment of a district court within thirty days of the entry of that judgment. Defendant's notice of appeal was therefore due on or before Monday, May 21, 2012. Defendant filed an untimely notice of appeal with the district court on Friday, May 25, 2012.

**DISCUSSION**

**I.      Defendant's Untimely Appeal**

**{4}** Defendant asks this Court to apply a conclusive presumption of ineffective assistance of counsel and address the merits of his appeal. In response, the State challenges this

---

[1]The parties were directed to brief the applicability of *Duran* to an untimely notice of appeal at both levels of appellate review—i.e., an appeal from metropolitan court to district court and an appeal from district court to this Court. Briefing disclosed that the district court applied the *Duran* presumption to an untimely statement of issues and not to an untimely appeal; thus, this opinion addresses only whether the *Duran* presumption applies to an untimely notice of appeal following the district court's on-record review of the metropolitan court's decision.

Court's jurisdiction to entertain Defendant's appeal, regardless of its timeliness, and opposes extending a conclusive presumption of ineffective assistance of counsel to untimely appeals from the district court's on-record review of a metropolitan court decision. As an initial matter, we note that the State's jurisdictional argument was made prior to this Court's issuing its opinion in *State v. Carroll*, 20__-NMCA-___, ___ P.3d ___ (No. 32,909, Oct. 21, 2013). In *Carroll*, we held that NMSA 1978, Section 34-5-8(A)(3) (1983) vests this Court with jurisdiction to review the on-record appellate decisions of the district court in criminal cases. *Id.* ¶ 5 ("[T]his Court has been vested with jurisdiction over appeals in all criminal actions with the limited exception of those where a sentence of death or life imprisonment is imposed. Had the Legislature intended to limit our jurisdiction to preclude review of the on-record appellate decisions of the district court, we assume it would have explicitly done so."). Given our recent decision in *Carroll*, we conclude that the State's challenge to this Court's jurisdiction is unavailing.

**{5}** Returning to the State's contention that a conclusive presumption of ineffective assistance of counsel should not apply in this case, the State advances multiple arguments against extending the *Duran* presumption. The State contends that the *Duran* presumption should only apply where a criminal defendant has both an appeal as of right and a right to counsel, which the State argues do not exist in appeals such as this. The State further contends that applying a conclusive presumption of ineffective assistance of counsel to an untimely appeal to this Court from the district court's on-record review of a metropolitan court decision would be an inappropriate extension of *Duran*.

**{6}** Before addressing the State's arguments, we observe that Defendant has not responded in any detail to those arguments. Despite the absence of developed arguments by the defense, we have undertaken our own analysis of the issue, given its quasi-jurisdictional nature. *See State v. McNeece*, 1971-NMCA-012, ¶ 2, 82 N.M. 345, 481 P.2d 707 (explaining that "lack of jurisdiction at any stage of a proceeding is a controlling consideration to be resolved before going further" and that the issue may be raised sua sponte (alteration, internal quotation marks, and citation omitted)).

## A. The *Duran* Presumption

**{7}** The timely filing of a notice of appeal is a mandatory precondition to this Court's exercise of jurisdiction. *See Trujillo v. Serrano*, 1994-NMSC-024, ¶ 14, 117 N.M. 273, 871 P.2d 369. Accordingly, "we will excuse an untimely appeal only in exceptional circumstances beyond the control of the parties, which we have determined would include errors on the part of the court." *State v. Dominguez*, 2007-NMCA-132, ¶ 10, 142 N.M. 631, 168 P.3d 761. In addition, this Court has routinely excused untimely and improperly filed notices of appeal in criminal appeals where the defendant is represented by counsel.

**{8}** In *Duran*, this Court established a conclusive presumption of ineffective assistance of counsel when a notice of appeal from a criminal conviction obtained in district court is untimely filed. 1986-NMCA-125, ¶ 4. Our holding in *Duran* was premised on our concern

3

that an appeal as of right following conviction "is established precisely to assure that only those who are validly convicted have their freedom drastically curtailed" and that the right to appeal not be extinguished "because another right of the appellant—the right to effective assistance of counsel—has been violated." *Evitts v. Lucey*, 469 U.S. 387, 399-400 (1985), *cited in Duran*, 1986-NMCA-125, ¶ 3.

## B. *Duran* and the Right to Appeal

**{9}** The State contends that the *Duran* presumption should not apply because there is no appeal as of right to this Court from a district court's on-record review of a metropolitan court decision. The State contends that it is implicit from prior cases applying *Duran* that a conclusive presumption of ineffective assistance of counsel requires that the defendant possess an appeal as of right. This Court recently addressed this issue in *Carroll*. In *Carroll*, we held that Section 39-3-3(A)(1) provides criminal defendants with the right to appeal a district court's on-record review of a metropolitan court decision. *Carroll*, 20__-NMCA-___, ¶¶ 7-9 ("[W]e conclude that Section 39-3-3(A)(1) is intended to include a defendant's right to appeal a district court's review of an on-record metropolitan court decision."). Thus, to the extent the State contends that cases applying the *Duran* presumption have required there be an appeal as of right for the presumption to apply, we rely on our holding in *Carroll*. Consequently, the State's argument that *Duran* should not apply because Defendant does not possess an appeal as of right is unavailing.

## C. *Duran* and the Right to Counsel

**{10}** The State also argues that a conclusive presumption of ineffective assistance of counsel cannot lie where a right to counsel does not exist. The State contends that, because *Duran* relied on federal due process rights in creating the conclusive presumption of ineffective assistance of counsel, any extension of *Duran* is limited to "the boundaries of that right . . . so clearly defined by United States Supreme Court precedent." According to the State, federal law provides that a defendant only has a right to the effective assistance of counsel in his or her "first appeal as of right." *See Evitts*, 469 U.S. at 393-94 (recognizing that where a state affords a right to appeal "to make that appeal more than a 'meaningless ritual'" the state must "supply[] an indigent appellant in a criminal case with an attorney[,]" but noting that "[t]his right to counsel is limited to the first appeal as of right"); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."). Consequently, we understand the State to argue that the *Duran* presumption would apply to an appeal taken from the metropolitan court to the district court, but that the presumption should not apply to a second appeal taken from the district court to this Court. While we agree with the State's assertion that the extension of a conclusive presumption of ineffective assistance of counsel should only occur where a right to counsel exists, *see State v. Leon*, 2013-NMCA-011, ¶ 9, 292 P.3d 493 (stating that "the presumption can only apply in situations where a defendant has a right to counsel"), *cert. quashed* 2013-NMCERT-010, 313 P.3d 251; *see also Evitts*, 469 U.S. at 397, n.7 ("[T]he right to effective assistance of counsel is dependent on the right to counsel

4

itself."), we disagree that *Duran* limits this Court to relying on the right to counsel as defined by federal law.

**{11}** This Court has recognized that both the Federal Constitution and Article II, Section 14 of the New Mexico Constitution provide a right to the assistance of counsel both at trial and on appeal. *See State v. Lewis*, 1986-NMCA-038, ¶ 7, 104 N.M. 218, 719 P.2d 445. However, as the State points out, the right at issue in this case is a right to counsel in a second appeal.

**{12}** The Legislature has defined the parameters of the right to counsel in New Mexico with respect to indigent defendants via the Indigent Defense Act, NMSA 1978, §§ 31-16-1 to -10 (1968, as amended through 1973), and the Public Defender Act, NMSA 1978, §§ 31-15-1 to -12 (1973, as amended through 2013). *See State v. Brown*, 2006-NMSC-023, ¶ 13, 139 N.M. 466, 134 P.3d 753 ("The New Mexico Legislature has responded to [the federal and state constitutional right to counsel] by enacting the Indigent Defense Act and the Public Defender Act[.] These acts comprise the statutory framework for providing counsel to indigent criminal defendants[.]" (citations omitted)); *State ex rel. Quintana v. Schnedar*, 1993-NMSC-033, ¶ 4, 115 N.M. 573, 855 P.2d 562 ("New Mexico statutes create an administrative system for enforcing the constitutional fundamental right to counsel, primarily through the [Public Defender Act] and the [Indigent Defense Act]."). Pursuant to this statutory framework, the Public Defender's Office is required to "represent every person without counsel who is financially unable to obtain counsel and who is charged in any court within the district with any crime that carries a possible sentence of imprisonment." NMSA 1978, § 31-15-10(C) (2001). This representation begins "not later than the time of the initial appearance of the person before any court and shall continue throughout all stages of the proceedings against him, including any appeal[.]" *Id.*[2]

---

[2]The Indigent Defense Act limits the right to representation to persons being held to answer for a "serious crime." Section 31-16-3(A) ("A needy person who is being detained by a law enforcement officer, or who is under formal charge of having committed, or is being detained under a conviction of, a serious crime, is entitled to be represented by an attorney to the same extent as a person having his own counsel[.]"). A "serious crime" is defined as including "a felony and any misdemeanor or offense which carries a possible penalty of confinement for more than six months." Section 31-16-2(D). Thus, the Indigent Defense Act would not appear to extend to a first offense DWI with a maximum sentence of ninety days, as charged here. *See* NMSA 1978, Section 66-8-102(E) (2005, as amended through 2010). The Public Defender Act, however, requires representation to be provided to any person facing possible imprisonment, regardless of the duration. Section 31-15-10(C). We read these statutes in pari materia and conclude that the Legislature's subsequent enactment of the Public Defender Act was intended to broaden the right to counsel provided in the Indigent Defense Act to include a right to counsel for indigent defendants facing less than six months' imprisonment. *See State ex rel. Quintana*, 1993-NMSC-033, ¶ 4 ("[W]e seek to harmonize the provisions of the [Public Defender Act] and the [Indigent Defense

**{13}** Neither the Indigent Defense Act nor the Public Defender Act appears to limit the right to counsel to a first appeal; instead, they require counsel to be provided in "any appeal." *See* § 31-16-3(B)(2); § 31-15-10(C). Further, where a right to counsel has been guaranteed, that right includes a guarantee that counsel be effective. *See In re Termination of Parental Rights of James W.H.*, 1993-NMCA-028, ¶ 4, 115 N.M. 256, 849 P.2d 1079 (stating that a right to counsel "is worthless unless that right includes the right to *effective* counsel" (internal quotation marks and citations omitted)); *see also Evitts*, 469 U.S. at 387 (stating that "[t]he promise of *Douglas v. California,* [372 U.S. 353 (1963)] that a criminal defendant has a right to counsel on his first appeal as of right—like the promise of *Gideon v. Wainwright*, [372 U.S. 335 (1963)] that a criminal defendant has a right to counsel at trial—would be a futile gesture unless it comprehended the right to effective assistance of counsel"). While we acknowledge that in this case Defendant secured his own representation, the Indigent Defense Act equates the rights of indigent defendants with "a person having his own counsel." Section 31-16-3(A). But, perhaps even more importantly, the scope of the right to counsel cannot be differentiated on the basis of a defendant's ability to pay. *Cf. Douglas*, 372 U.S. at 357 ("But where the merits of the one and only appeal an indigent has as of right are decided without benefit of counsel, we think an unconstitutional line has been drawn between rich and poor."). Thus, we conclude that to the extent the Legislature has recognized a right to representation in any appeal for indigent defendants, the same right must necessarily be extended to non-indigent defendants. As a result, we conclude that Defendant was entitled to the effective assistance of counsel in his second right of appeal.

## D. Extending *Duran*

**{14}** The State urges that extending the *Duran* presumption where the merits of the appeal have already been reviewed by the district court is contrary to the spirit and the letter of *Duran*. *Duran*, according to the State, was premised on the requirements of Rule 5-702 NMRA, the interest of finality, and the conservation of judicial resources—interests which the State claims are not furthered by extending the *Duran* presumption to the untimely filing of a notice of appeal following a district court's on-record review of a metropolitan court decision.

**{15}** In *Duran*, we relied on the rules of criminal procedure to reason that, because in an appeal from a criminal conviction counsel must "timely file either a notice of appeal or an affidavit of waiver of appeal[,]" *Duran*, 1986-NMCA-125, ¶ 3 (citing NMSA 1978, Crim. P. Rule 54(b), now Rule 5-702(B)), "the absence of a notice of appeal and an affidavit of

Act] to the fullest extent reasonable, thereby facilitating the operation of our statutory system for providing assistance of counsel to indigent criminal defendants."); *see also Brown*, 2006-NMSC-023, ¶ 13 (stating that the Indigent Defense Act and Public Defender Act must be read in pari materia).

waiver strongly suggests the failure of trial counsel to consult adequately with the client concerning the right to appeal." *State v. Peppers*, 1990-NMCA-057, ¶ 20, 110 N.M. 393, 796 P.2d 614 (discussing *Duran*). However, to the extent the State's argument rests, in part, on the procedural underpinnings of *Duran*—namely, Rule 5-702—this Court recognized in *Leon* that we have "extended the presumption in cases where no such rule or procedural safeguard controls." 2013-NMCA-011, ¶ 15. For example, *Leon* points to this Court's extension of the *Duran* presumption to appeals from conditional pleas in magistrate court, despite the fact that the rules of criminal procedure for magistrate courts "do not impose an obligation on defense counsel to file a notice or waiver of a defendant's appeal." *Id.* ¶ 15. We also pointed out in *Leon* that we have extended the presumption of ineffective assistance of counsel to cases outside of the criminal context. *Id.* ¶ 16. In *State ex rel. Children Youth and Families Department v. Ruth Anne E.*, 1999-NMCA-035, ¶¶ 9-10, 126 N.M. 670, 974 P.2d 164, we applied a presumption of ineffective assistance of counsel to an untimely notice of appeal in a case involving termination of parental rights. Similarly, in *State ex rel. Children, Youth and Families Department v. Amanda M.*, 2006-NMCA-133, ¶ 22, 140 N.M. 578, 144 P.3d 137, we applied a presumption of ineffective assistance of counsel to an untimely appeal from an adjudication of abuse and neglect. "In those cases, we extended the presumption based on our recognition that the adjudicatory proceedings affected a parent's fundamental liberty interest in the care, custody, and management of his children as well as a parent's right to counsel in these proceedings." *Leon*, 2013-NMCA-011, ¶ 16. And most recently, in *Leon*, we held that, due to the liberty interests involved, the *Duran* presumption applies where a probationer is entitled to counsel in probation revocation proceedings and probationer's counsel fails to timely file a notice of appeal from an order revoking probation. *Id.* ¶ 20. Thus, to the extent the State contends that this Court should not apply a conclusive presumption of ineffective assistance of counsel to appeals from the district court's on-record review of a metropolitan court decision because there is no procedural mechanism similar to Rule 5-702(B) at play, we conclude that our prior extensions of the *Duran* presumption obviate such a constrained view of when the presumption applies.

**{16}** The State also argues that *Duran* "was concerned with the inevitable need to reach the merits of a defendant's claim of error" and "weighed any countervailing burdens as 'insignificant' compared to a defendant's right to review [on] the merits." The State contends that, because the merits in these cases have already been considered by a reviewing court, the countervailing interests of finality and conservation of judicial resources discussed in *Duran* outweigh Defendant's interest in our considering the merits of his appeal. While we acknowledge that a defendant appealing the district court's on-record review of a metropolitan court decision has already received the benefit of the district court's appellate review, review by this Court is still a matter of right. *See Carroll*, 20__-NMCA-___, ¶ 9. And, as discussed above, a defendant appealing the district court's on-record review of a metropolitan court decision is entitled to effective assistance of counsel when pursuing that right. Consequently, in the event of an untimely notice of appeal, a defendant would still have the right to raise a claim of ineffective assistance of counsel on direct appeal or pursuant to habeas corpus. *See State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61 ("When an ineffective assistance claim is first raised on direct appeal, we evaluate

the facts that are part of the record. If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance."). We conclude that, as a result, the same finality interests discussed in *Duran* weigh in favor of extending a conclusive presumption of ineffective assistance of counsel where an untimely notice of appeal is filed following the district court's on-record review of a metropolitan court decision. *See Duran*, 1986-NMCA-125, ¶ 5 (discussing cases that were reinstated on this Court's docket "by the federal courts or by our [S]upreme [C]ourt because defendants ha[d], in factual hearings held years after the appeal should have been taken, established their entitlement to delayed appeals[,]" and noting that "[t]hese cases sometimes take years to reach us"). Moreover, to the extent the State contends that this Court will waste judicial resources in hearing the merits of appeals where ineffective assistance of counsel may not have occurred, we note—as we did in *Duran*—that "given the limited number of cases in which the problem is likely to arise, we do not consider it a burden on this [C]ourt to hear the appeals[.]" *Id.* ¶ 6. In fact, we believe it to be a greater expenditure of judicial resources to require each untimely appeal from a district court's on-record review of a metropolitan court decision to be remanded for an evidentiary hearing, or dismissed and habeas corpus proceedings undertaken, to determine if counsel was ineffective in failing to timely file a notice of appeal. We therefore extend a conclusive presumption of ineffective assistance of counsel to counsel's untimely filing of a notice of appeal following the district court's on-record review of the metropolitan court's decision. Accordingly, we now turn to the merits of Defendant's appeal.

## II.     Defendant's Challenge to the Admission of Information Contained in the Police Report

### A.     Challenge on Confrontation Grounds was Abandoned

**{17}**     On appeal to this Court, Defendant contends that the metropolitan court erred in admitting Officer Enyart's testimony about the contents of a police report at Defendant's trial. Defendant asserts that admission of the contents of the police report violated both his right to confrontation and our rules governing the admission of evidence. In its answer brief, the State asserts that, while Defendant objected to the admission of the police report's contents under both the rules of evidence and the confrontation clause before the metropolitan court, Defendant abandoned any objection to the evidence on confrontation grounds at the district court level.

**{18}**     In response to the State's argument, Defendant asserts that the confrontation issue was preserved in the metropolitan court. Yet, even if Defendant raised and preserved the confrontation argument in the metropolitan court, Defendant abandoned it as an appellate issue in his appeal to the district court. *See State v. Gutierrez*, 1996-NMCA-001, ¶ 3, 121 N.M. 191, 909 P.2d 751. Nothing in Defendant's statement of the issues would have alerted the district court that Defendant was challenging the admissibility of the police report's

8

contents on confrontation grounds.  Rather, the only argument in Defendant's district court brief was his objection to the admissibility of the police report's contents on evidentiary grounds and, therefore, the district court did not address the issue of confrontation.  To the extent Defendant has now raised the issue of confrontation in his appeal to this Court, we hold that Defendant abandoned this issue by not raising it in the district court, and we do not address this issue on appeal.  *Id.*

**B.      Challenge to Admission of Police Report on Evidentiary Grounds**

**{19}**     Defendant contends that the metropolitan court erred in permitting parts of the police report to be read into the record as a recorded recollection pursuant to Rule 11-803(5) NMRA (formerly Rule 11-803(E) NMRA (1976) (amended 2012)) and that the district court erred in affirming the metropolitan court's ruling.  Defendant does not dispute that Officer Enyart's testimony provided sufficient foundation to allow Officer Enyart to read from her report, pursuant to Rule 11-803(5), what she recorded but could not recall about Defendant's performance on the field sobriety tests.  Rather, Defendant contends that the exclusion of police reports under the public record exception of the hearsay rules, *see* Rule 11-803(8)(a)(ii) (formerly Rule 11-803(H)(2) NMRA (1976) (amended 2012)), extends so far as to preclude portions of a police report from being read into the record as a recorded recollection under Rule 11-803(5).

**{20}**     Generally, "[w]e review the admission of evidence under an abuse of discretion standard and will not reverse in the absence of a clear abuse."  *See State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72.  However, a trial court abuses its discretion when it exercises its discretion based on a misunderstanding of the law.  *State v. Elinski*, 1997-NMCA-117, ¶ 8, 124 N.M. 261, 948 P.2d 1209, *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, 275 P.3d 110.  "A misapprehension of the law upon which a court bases an otherwise discretionary evidentiary ruling is subject to de novo review."  *State v. Martinez*, 2008-NMSC-060, ¶ 10, 145 N.M. 220, 195 P.3d 1232.  Because Defendant's claim on appeal focuses on whether the metropolitan court judge misapplied the law to the facts, our review is de novo.

**{21}**     Defendant relies heavily on *United States v. Oates*, 560 F.2d 45 (2d Cir. 1977), to argue that a police report cannot be read into the record as a recorded recollection.  In *Oates*, the Second Circuit Court of Appeals held that a chemist's report, inadmissible pursuant to the public records exception, should not be admitted under the business records exception.  *Id.* at 68-70 (discerning a "clear legislative intent not only to exclude such documents from the scope of [Federal Rule of Evidence] 803(8) but from the scope of [Federal Rule of Evidence] 803(6) as well").  In doing so, the Second Circuit stated that "the language of Rule 803(8) and the congressional intent, as gleaned from the explicit language of the rule and from independent sources, . . . have impact that extends beyond the immediate confines of exception (8) itself."  *Oates*, 560 F.2d 45 at 66.

**{22}**     Defendant asks this Court to apply the reasoning of *Oates* and hold that the bar

against police reports being admitted under the public records exception should extend to preclude a police report from being read into the record as a recorded recollection. Defendant does not direct this Court to a single authority applying *Oates* as Defendant advocates. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (providing that where a party cites no authority to support an argument, we may assume no such authority exists). We note, however, the existence of persuasive authority supporting the opposite conclusion. *See Parker v. Reda*, 327 F.3d 211, 215 (2d Cir. 2003) (affirming admission of an officer's testimony from a memorandum satisfying the requirements of a recorded recollection even if it did not satisfy the requirements of the business records exception to the hearsay rule); *United States v. Sawyer*, 607 F.2d 1190, 1193 (7th Cir. 1979) (holding that the rule barring admission of police reports did not disqualify an officer testifying from a report of a recorded recollection that otherwise satisfied Fed. R. Evid. 803(5)); *see also Goy v. Jones*, 72 P.3d 351, 353 (Ariz. Ct. App. 2003) (same); *State v. Scally*, 758 P.2d 365, 366 (Or. Ct. App. 1988) (same).

**{23}** In *Sawyer*, the Seventh Circuit Court of Appeals declined to extend the reasoning of *Oates* to disqualify "the recorded recollections of a testifying law enforcement officer, when such recollections would otherwise be admissible under Rule 803(5)." *Sawyer*, 607 F.2d at 1193. The Seventh Circuit stated:

> We are not persuaded . . . that the restrictions of Rule 803(8) were intended to apply to recorded recollections of a [t]estifying law enforcement officer that would otherwise be admissible under Rule 803(5). In our view, the legislative history of Rules 803(8)(B) and (C) indicates that Congress intended to bar the use of law enforcement reports as a substitute for the testimony of the officer.

*Sawyer*, 607 F.2d at 1193. Perhaps even more persuasive, the Second Circuit has relied on this reasoning and declined to extend *Oates* as Defendant advocates. *See Parker*, 327 F.3d at 215. There, the Second Circuit reasoned that, "[b]ecause the evidence here was admitted as recorded recollection rather than as a business record, [t]he accompanying testimony of the author minimize[d] the danger of unreliability by giving the trier of fact the opportunity to weigh [the author's] credibility and consider the circumstances [likely to have] surround[ed] the preparation of the report.'" *Id.* (alterations in original) (internal quotation marks and citation omitted).

**{24}** State courts have also relied on this reasoning to allow law enforcement officers to "read their reports into the record when they lack a sufficient present recollection to testify from memory." *Scally*, 758 P.2d at 366 (acknowledging that "[t]he purpose of [Federal Rule of Evidence] 803(8)(B) is to bar police reports as a *substitute* for testimony of the officer[]" and that "[w]hen the officer testifies, the danger of unreliability is minimized[]"); *see also Goy*, 72 P.3d at 353 (holding that a testifying officer who could no longer remember details of a six-year-old arrest could read his police report as evidence). These cases are persuasive. We therefore hold—consistent with the cases cited above—that Rule 11-803(8)(a)(ii) does

10

not bar a police officer from reading aloud at trial the recorded recollection contained in a police report provided a proper foundation is laid pursuant to Rule 11-803(5).

**CONCLUSION**

**{25}** We hold that a criminal defendant, whose counsel files an untimely notice of appeal when appealing to this Court from the district court's on-record review of a metropolitan court decision, is entitled to a conclusive presumption of ineffective assistance of counsel. Having applied the conclusive presumption to the untimely filing in this case, and having considered the merits of Defendant's claim that the metropolitan court improperly allowed portions of the police report to be read into the record pursuant to Rule 11-803(5), we affirm.

**{26}** **IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**TIMOTHY L. GARCIA, Judge**

11