This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39989**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**PLACIDO CHAVEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Bruce C. Fox, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Charles J. Gutierrez, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Joelle N. Gonzales, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Defendant Placido D. Chavez appeals his conviction for two counts of criminal sexual contact of a minor (CSCM) (child under thirteen), contrary to NMSA 1978, Section 30-9-13(C)(1) (2003). Defendant argues: (1) the district court erred in admitting Child's forensic interview under the recorded recollection exception to the hearsay rule; and (2) his two CSCM convictions violate double jeopardy. For the following reasons, we affirm.

**BACKGROUND**

**{2}** A jury convicted Defendant of two counts of CSCM contrary to Section 30-9-13(C)(1). The only difference between the two counts is that Count 1 required the jury to find that "[D]efendant touched or applied force to the vulva of [Child,]" while Count 2 referenced the "buttocks of [Child]." Child, six years old at the time of trial, was unable to recall the incident, testifying "I don't know," "I forgot," and "I don't remember" to questions posed by the State. Based on Child's inability to recall the events, the State submitted a forensic interview in which Child described the incident. The district court, over objection, admitted the forensic interview pursuant to the recorded recollection exception to the hearsay rule. *See* Rule 11-803(5) NMRA. During the interview, Child stated that Defendant touched her genitals, exposed himself by removing his clothes, and forced Child to sit on his exposed lap after she ran away from him. The jury convicted Defendant of both CSCM counts. Defendant appeals.

**DISCUSSION**

**I.      The District Court Did Not Err in Admitting Child's Forensic Interview Under the Recorded Recollection Exception to the Hearsay Rule**

**{3}** The parties agree that the forensic interview is hearsay under Rule 11-801(C) NMRA. Thus, to be admissible, the interview must fall within a hearsay exception. *See* Rule 11-802 NMRA ("Hearsay is not admissible except as provided by these rules or by other rules adopted by the Supreme Court or by statute."). The district court admitted the interview under the exception for recorded recollection, which pertains to a record that:

> (a)      is on a matter the witness once knew about but now cannot recall well enough to testify fully and accurately,
>
> (b)      was made or adopted by the witness when the matter was fresh in the witness's memory, and
>
> (c)      accurately reflects the witness's knowledge.

Rule 11-803(5). Defendant challenges the contemporaneity element: whether the interview was "made or adopted by [Child] when the matter was fresh in [her] memory."[1] *See id.*

**{4}** "We review the admission of evidence under an abuse of discretion standard and will not reverse in the absence of a clear abuse." *See State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72. "An abuse of discretion occurs when the ruling is

---

[1]To the extent that Defendant's briefs adequately develop an argument challenging the knowledge element, we reject that challenge because Child testified that she told the truth in the forensic interview. *See State v. Padilla*, 1994-NMCA-067, ¶ 34, 118 N.M. 189, 879 P.2d 1208 (admitting recorded recollection after witnesses testified that their recorded statements were correct).

clearly against the logic and effect of the facts and circumstances of the case. We cannot say the [district] court abused its discretion by its ruling unless we can characterize [the ruling] as clearly untenable or not justified by reason." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citation omitted). We will find an abuse of discretion when the "[district] court's decision was obviously erroneous, arbitrary or unwarranted." *State v. Trujillo*, 2002-NMSC-005, ¶ 15, 131 N.M. 709, 42 P.3d 814 (internal quotation marks and citation omitted).

**{5}**     Defendant argues that analysis of the district court's reliance on the recorded recollection exception in this case is similar to *State v. Macias*, 2009-NMSC-028, ¶ 34, 146 N.M. 378, 210 P.3d 804, *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, 275 P.3d 110, because Child "never testified that she made or adopted the recording when the matter was fresh in her memory." We disagree and explain.

**{6}**     In *Macias*, our Supreme Court ruled that the recorded recollection exception was not met because neither witness testified that they made or adopted the recordings when the matter was fresh in their memories or that the recordings accurately reflected their knowledge. 2009-NMSC-028, ¶ 34. The lack of direct testimony supporting the elements was determinative because both witnesses explicitly denied having any recollection of the recorded conversation. *Id.* ¶¶ 10, 12, 17. In this case, Child neither denied participating in the interview nor disclaimed the accuracy of the information she provided. To the contrary, Child responded affirmatively when asked whether: (1) she was the person in the interview video, (2) she explained what happened during the incident with Defendant in the interview, and (3) she told the truth in the interview.

**{7}**     Under the circumstances present here, we cannot characterize the admission of the forensic interview as clearly untenable or not justified by reason. *See Rojo*, 1999-NMSC-001, ¶ 41. Child testified that she told the truth when she stated that Defendant touched her "privates" and "butt" with his hand, and that he sat her on his exposed lap "four times." Further, Child corrected the forensic interviewer when the interviewer erroneously misstated Child's description of events by stating that Child took off Defendant's clothes. The district court could have logically determined that the incident was fresh in Child's mind at the time of the interview based on Child's recall of the specific details of the incident, Child's correction of the interviewer's description, and the relative importance of the matters described.

**{8}**     Furthermore, the time that elapsed between the incident and Child's interview—less than three months—is not too long to find that the incident was still fresh in Child's mind. Defendant does not cite any authority adopting a bright-line rule limiting the time period between an incident and a recorded recollection, and we are aware of no such authority. *State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 ("[G]iven no cited authority, we assume no such authority exists."). Defendant has not persuaded us that the three-month delay barred admission here. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that we presume correctness in the district court's rulings and the burden is on the appellant to demonstrate district court error). Considering the delay together with all of the other circumstances in this case, we

cannot say the admission was "clearly against the logic and effect of the facts and circumstances of the case." *Rojo*, 1999-NMSC-001, ¶ 41.

**{9}** Defendant further argues that the district court demonstrated a misunderstanding of Rule 11-803(5) when the court noted at the time it admitted Child's interview that Defendant was free to cross-examine Child regarding whether the statement was made when it was fresh in her memory. *See State v. Vigil*, 2014-NMCA-096, ¶ 20, 336 P.3d 380 ("[A district] court abuses its discretion when it exercises its discretion based on a misunderstanding of the law."). Defendant contends that the statement demonstrates the district court assumed the contemporaneity element goes to the weight of the evidence rather than admissibility, contrary to Rule 11-803(5).

**{10}** We agree with Defendant that the elements of recorded recollection must be established before the record is admitted. Permitting Defendant to cross-examine Child, however, does not negate a correct determination that the interview had met the elements of recorded recollection. Records admitted under this exception are received in evidence as a supplement to the witnesses' oral testimony. *See generally* 2 Robert P. Mosteller et al., *McCormick on Evidence* § 279 (8th ed. 2022) (discussing the history and theory of the exception). The interview supplemented Child's testimony, and Defendant had the right to cross-examine Child and cast doubt on the truth of Child's statements. *See In re Venie*, 2017-NMSC-018, ¶ 15, 395 P.3d 516 ("A defense attorney has the right to cross-examine a [state] witness, and impeach them if he can."); *see also* 4 Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 8:76 (4th ed. 2022) ("[T]he person who made or adopted the [recorded] statement is now a witness and can be questioned.").

**{11}** As discussed above, Defendant has not persuaded this Court that the district court abused its discretion by concluding that the interview met the elements of recorded recollection under the circumstances presented here. Defendant, therefore, has not persuaded us that the district court misunderstood the law by admitting the interview of Child under the exception, and subsequently allowing Defendant to impeach Child. We conclude that the district court did not abuse its discretion in admitting the Child's forensic interview under the recorded recollection exception to hearsay.

## II. Defendant's Multiple Convictions Do Not Violate Double Jeopardy

**{12}** Defendant next argues that his two CSCM convictions violate double jeopardy because the multiple contacts occurred during one continuous course of conduct and therefore there was no sufficient indicia of distinctness to support two separate convictions. We disagree.

**{13}** "A double jeopardy claim is a question of law that we review de novo." *State v. Bernal*, 2006-NMSC-050, ¶ 6, 140 N.M 644, 146 P.3d 289. "The constitution protects against both successive prosecutions and multiple punishments for the same offense." *State v. Branch*, 2018-NMCA-031, ¶ 22, 417 P.3d 1141; *see* U.S. Const. amend. V;

N.M. Const. art. II, § 15. Defendant raises a unit of prosecution claim "in which an individual is convicted of multiple violations of the same criminal statute." *Bernal*, 2006-NMSC-050, ¶ 7. "The relevant inquiry in a unit of prosecution case is whether the Legislature intended punishment for the entire course of conduct or for each discrete act." *State v. Bernard*, 2015-NMCA-089, ¶ 17, 355 P.3d 831 (alterations, internal quotation marks, and citation omitted).

{14}    Section 30-9-13(A) defines criminal sexual contact of a minor as the "unlawful and intentional touching of or applying force to the intimate parts of a minor or the unlawful and intentional causing of a minor to touch one's intimate parts." "That language is ambiguous in our determination of whether the [L]egislature intended to create a separate offense for each touch or application of force." *State v. Ervin*, 2008-NMCA-016, ¶ 44, 143 N.M. 493, 177 P.3d 1067. Because the statute is ambiguous, "we presume that the statute was not intended to impose multiple punishments for acts that are not sufficiently distinct." *State v. Cook*, 2006-NMCA-110, ¶ 10, 140 N.M. 356, 142 P.3d 944 (internal quotation marks and citation omitted). Thus, we must determine "whether [the d]efendant's acts bore sufficient indicia of distinctness." *Id.* ¶ 13 (internal quotation marks and citation omitted). In making this determination "we consider the timing, location, and sequencing of the acts, the existence of an intervening event, the defendant's intent as evidenced by his conduct and utterances, and the number of victims." *Id.* (listing the factors identified in *Herron v. State*, 1991-NMSC-012, ¶ 15, 111 N.M. 357, 805 P.2d 624). Therefore, our primary concern is to ensure that sufficient evidence exists to establish that each act is distinct from the other. *See State v. McClendon*, 2001-NMSC-023, ¶ 5, 130 N.M. 551, 28 P.3d 1092. In reviewing the facts of the case to determine if each act is distinct from the other, "we must indulge in all presumptions in favor of the verdict." *Id.* (internal quotation marks and citation omitted).

{15}    Reviewing the evidence presented, even if we assume the two acts of CSCM occurred on the same day, we conclude there are sufficient indicia of distinctness to support multiple punishment for the CSCM counts. Indeed, several *Herron* factors support multiple punishments.

{16}    As to the first factor, Child stated in her forensic interview that after the first act she ran away, then Defendant removed his clothes, chased Child, and placed her in his exposed lap. "[T]he greater the interval between the acts the greater likelihood of separate offenses." *State v. Haskins*, 2008-NMCA-086, ¶ 18, 144 N.M. 287, 186 P.3d 916. In this case, the evidence does not establish the time that elapsed between acts; thus, we weigh this factor neutrally. We nevertheless conclude that there is no double jeopardy violation based on the other factors.

{17}    The second factor, the movement or repositioning of the victim, which "is specifically tailored to sex crimes," *id.*, supports a determination that separate acts occurred. Based on Child's statements, we conclude that Child's act of running away and Defendant's act of repositioning Child on his lap are sufficient to support a finding of separate offenses. Looking to the third factor, there were intervening events between the two acts: Child running away, Defendant removing his clothing, and Defendant

retrieving Child. We conclude that this factor weighs in favor of separate offenses. With regard to the fourth factor, the sequencing of the acts, this Court has established that touching separate locations on the body, as occurred here, weighs heavily in favor of separate offenses. *See id.* ¶ 19. Although two factors weigh in favor of unitary conduct—the fact that there was only one victim and Defendant's intent, *see id.* ¶ 20—neither of these two factors is dispositive. *See id.* ¶ 17 (noting that "[n]o single factor is controlling"). On balance, we conclude that there are sufficient indicia of distinctness to support multiple convictions and punishments for CSCM.

## CONCLUSION

{18}   For the foregoing reasons, we affirm.

{19}   **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**ZACHARY A. IVES, Judge**