This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42034**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**FRANK QUINTANA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Tyler Sciara, Assistant Solicitor General
Albuquerque, NM

for Appellee

Dodd Law Office, LLC
Christopher A. Dodd
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** This matter was submitted to the Court on Defendant's brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Following consideration of the brief in chief, the Court assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief, answer brief and reply brief, we affirm for the following reasons.

**DISCUSSION**

**{2}** Defendant appeals the district court's order extending Defendant's sex offender probation an additional two and a half years. [BIC 1; RP 119-120] Defendant raises two issues on appeal.

**{3}** First, Defendant argues the district court misapplied the facts to the law by improperly placing the burden on Defendant to demonstrate that supervision be removed. [BIC 9] *See State v. Vigil*, 2014-NMCA-096, ¶ 20, 336 P.3d 380 ("[A] trial court abuses its discretion when it exercises its discretion based on a misunderstanding of the law."). In a sex offender probation review hearing, the State "shall bear the burden of proving to a reasonable certainty that the sex offender should remain on supervision." *See* NMSA 1978, § 31-20-5.2(B) (2003).

**{4}** Defendant specifically objects to two of the district court's statements made at the probation hearing. First the district court, in explaining its decision, stated, "I need to have a sense, and I'm not demonizing you, [Defendant], but I need to have some level of maybe a little, little better level of comfort that you've turned the corner completely." [BIC 9-10] The district court also stated, "[I]t's enough of a concern to keep you under supervision for at least another two-and-a-half years. And I think, again, at the end of that, if you are showing that you have just made the full turn, the full turn, then I think release is probably in store." [BIC 10]

**{5}** While we understand Defendant's concern when viewing these statements in isolation, a review of the totality of the district court's discussion on the burden of proof demonstrates the district court's clear understanding that the burden of proof lies with the State. Both at the hearing and in its written order, the district court specifically reaffirmed for the parties that the State had met its burden to establish a reasonable certainty that Defendant should remain on probation. [5-2-24 CD 1:42:59; RP 119] Additionally, the district court's order reflects that its decision was supported specifically by the evidence of Defendant's dishonesty as presented by the State. [RP 119] Considering all the statements made by the district court in context, we are satisfied the district court correctly understood the law and placed the burden of proof on the State.

**{6}** Second, Defendant argues the district court erred because there was overwhelming evidence that Defendant should be released from supervision. [BIC 11] We review a district court's decision to continue sex offender probation for an abuse of discretion. *State v. Chavez*, 2019-NMCA-068, ¶ 23, 451 P.3d 115. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize [the ruling] as clearly untenable or not justified by reason." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citation omitted).

**{7}** Defendant originally pled no contest to two counts of sexual exploitation of children and was given a suspended sentence. Months later, the district court revoked

the suspended sentence due to probation violations, and Defendant served two years' incarceration, after which he was given five to twenty-five years of sex offender probation. [BIC 1-2; AB 1-2] At the hearing, the district court acknowledged that Defendant had since done well on supervision and that Defendant's probation officer and counselor both recommended for Defendant to be released from supervision. [RP 119; BIC 7; AB 6, 7] Given Defendant's progress, the district court granted Defendant's request to be released from GPS monitoring. [RP 119-120] The probation officer's report, however, disclosed that Defendant failed a polygraph test in 2024. [BIC 4-5; AB 2-3] The failed test related to two romantic or sexual encounters that Defendant hid from the probation officer. [BIC 4-5; AB 2-3] Because dishonesty was the reason Defendant's suspended sentence was revoked in 2017—Defendant hid from his probation officer the existence of a laptop and other electronic devices—the district court expressed concern that Defendant had "not fully turned the corner" and questioned whether Defendant could be trusted unsupervised in the community not to engage in the kind of behavior that resulted in the original conviction. [BIC 7; AB 3-4; 5-2-24 CD 1:58:58-2:00:08, 2:11:50]. *See* § 31-20-5.2(A) (listing factors to be considered at a probation review hearing, including the nature of the offense for which the sex offender was convicted and the danger to the community posed by the sex offender). Due to these concerns, the district court decided to continue Defendant's sex offender probation for another two and a half years. [BIC 8; AB 4; RP 119]

**{8}** Given these facts, we cannot say that the district court's decision to continue Defendant's supervision and to remove GPS monitoring was "clearly against the logic and effect of the facts and circumstances of the case" or that its ruling was "clearly untenable or not justified by reason." *Rojo*, 1999-NMSC-001, ¶ 41; *see also Chavez*, 2019-NMCA-068, ¶ 25 ("Given this evidence [of two violations], coupled with the fact that the district court both extended probation but also eliminated GPS monitoring in recognition of [the d]efendant's progress, we cannot agree with [the d]efendant that the district court abused its discretion by extending his sex offender probation for an additional period of two and one-half years."). We therefore conclude the district court did not abuse its discretion.

**CONCLUSION**

**{9}** Based on the foregoing, we affirm.

**{10} IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JENNIFER L. ATTREP, Judge**